IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN BUILDERS &                    )
CONTRACTORS SUPPLY CO., INC.,          )
                                       )
                  Plaintiff,           )
                                       )
v.                                     )          Case No. 05-2461-CM
                                       )
MICHAEL LYLE, et al.,                  )
                                       )
                  Defendants.          )

## ORDER

This case comes before the court on the motion (**doc. 124**) of the plaintiff, American Builders & Contractors Supply Co., Inc. ("ABC"), to compel the defendant, Michael Lyle ("Lyle"), to provide complete answers to Interrogatory Nos. 2 and 9. Lyle has responded (doc. 125) and ABC has replied (doc. 136). For the reasons set forth below, ABC's motion to compel is granted. For the benefit of context, this case involves claims of fraud, breach of fiduciary duty and other related claims including misuse of ABC's trade secret information associated with Lyle's participation in the planning and creation of a new company to compete with plaintiff.

Interrogatory No. 2

This interrogatory seeks information regarding Lyle's alleged recruitment of ABC employees on behalf of the Roofing Supply Group-Kansas City ("RSG-KC") store. Lyle objects on the grounds that this interrogatory is over broad on its face. But, specifically, Lyle

O:\ORDERS\05-2461-CM-124.wpd

objects to providing any information regarding contacts with ABC employees <u>after</u> May 2, 2005, the date he left the company, on the grounds that such information is irrelevant.

Relevancy, at the discovery stage, is broadly construed. Generally, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[2] "When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[3] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[4]

Lyle's objections are overruled. The court finds that the interrogatory is not over broad on its face. Furthermore, the court finds that information regarding contacts with ABC employees <u>after</u> May 2, 2005, may lead to the discovery of admissible evidence regarding

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[2] *Id.* (citations omitted).

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

[4] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

the parties' claims and/or defenses.  Therefore, Lyle shall provide a complete answer to this interrogatory from January 1, 2004 through April 19, 2006, no later than **November 30, 2006.**

Interrogatory No. 9

This interrogatory seeks information regarding the "functions, services, placement of insurance, financing and any other activities that Roofing Supply Group provides RSG-KC and fully describe the relationship, contractual or otherwise, between RSG-KC and any individual, company, corporation, partnership or joint venture associated with the Roofing Supply Group."  Lyle objects on the grounds that the interrogatory is not limited in time or scope, is over broad on its face, and seeks irrelevant information.

Lyle's objections are overruled.  The court finds that the information sought by this interrogatory may lead to the discovery of admissible evidence regarding the parties' claims and/or defenses. Further, the court does not find the interrogatory is over broad notwithstanding the fact that it is not limited as to a specific period of time.  The court will limit the time period to January 1, 2004 through April 19, 2006.  Lyle shall provide a complete answer to this interrogatory from January 1, 2004 through April 19, 2006, no later than **November 30, 2006.**

In consideration of the foregoing,

IT IS HEREBY ORDERED that ABC's motion to compel (**doc. 124**) is granted.

Dated this 14th day of November, 2006, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge