IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. ) ) ) Plaintiff, ) ) v. ) ) MICHAEL LYLE, ROOFING ) SUPPLY GROUP - KANSAS CITY, ) INC., AND DOUG NORMAN ) ) Defendants. ) ) | CIVIL ACTION No. 05-2461-CM |

## MEMORANDUM AND ORDER

This case comes before the court on defendant Douglas Norman's motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) respectively (Doc. 74). Plaintiff American Builders & Contractors Supply Co., Inc. claims that while defendant Michael Lyle was employed with its business, he conspired with co-defendant Doug Norman to breach his fiduciary duties, misappropriate trade secret information, disseminate untrue information, and divert American Builders' customers. In support of its claims, American Builders submitted evidence of communications between Lyle and Norman, including a letter of intent to hire an American Builder employee. Norman responded with an affidavit in which he claimed that a conspiracy did not exist and that he was unaware of any acts by his co-defendant Lyle that were illegal.

**I. Personal Jurisdiction**

The plaintiff bears the burden of establishing personal jurisdiction when it is contested by the defendant. *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074 (10th Cir. 2004). This requires the

1

plaintiff to make a prima facie showing that both the Kansas personal jurisdiction statute and the Constitutional Due Process requirements have been met.[1] *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984). To make this showing, or to contest it, the parties may submit affidavits and other documentary evidence. *Thermal Insulation Sys. v. Ark-Seal Corp.*, 508 F. Supp. 434, 437 (D. Kan. 1980). The court considers all of the allegations in the plaintiff's complaint to be true unless the affidavits or other evidence submitted by the defendant contradict those allegations. *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). After the defendant submits appropriate affidavits or other evidence contradicting the plaintiff's allegations, the plaintiff must support his allegations with "competent proof of the supporting facts." *Inter-Americas Ins. Corp. v. Xycor Sys., Inc.*, 757 F. Supp. 1213, 1215 (D. Kan. 1991) (citing *Pytlik*, 887 F.2d at 1376).

The Kansas long-arm statute "allow[s] jurisdiction to the full extent permitted by the Due Process Clause." *OMI Holdings, Inc., v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). For a court to exercise personal jurisdiction over a person who does not reside in the forum state, due process requires "minimum contacts" between the non-resident and the forum state such that the defendant has purposely availed himself of the privileges of conducting activities within the forum state. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Additionally, the nature of the contacts must be such that the defendant should reasonably be able to anticipate being haled into court in the forum state. *Id.* at 1419; *Pehr v. Sunbeam Plastics Corp.*, 874 F. Supp. 317,

---

[1] Eventually, of course, a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

320 (D. Kan. 1995).  Finally, due process prohibits the exercise of personal jurisdiction in any case where it offends "traditional notions of fair play and substantial justice."  *Rambo*, 839 F.2d at 1419 n.6; *Pehr*, 874 F. Supp. at 320.

When basing personal jurisdiction over a nonresident party solely on his participation in a conspiracy with an in-state co-conspirator, a prima facie showing of the conspiracy fulfills these Constitutional Due Process requirements.  *Baldridge v. McPike, Inc.*, 466 F.2d 65, 67 (10th Cir. 1972).  The plaintiff must show that substantial acts in furtherance of the conspiracy were performed in the forum state and that the out-of-state co-conspirator was or should have been aware of those acts.  *Dodson Int'l Parts, Inc. v. Altendorf*, 181 F. Supp. 2d 1248, 1254 (D. Kan. 2001).  The court will assert personal jurisdiction in cases alleging a conspiracy to commit a business tort with foreseeable consequences in the forum state "unless the allegations of conspiracy are too conclusory, [or] too unsupported to be given credence."  *Prof'l Investors Life Ins. v. Roussel*, 445 F. Supp. 687, 696 (D. Kan. 1978).

American Builders submitted a copy of a letter of intent signed by both Norman and Lyle indicating the terms of the employment agreement they intended to enter into with one of American Builders' employees after they established their competing business, Roofing Supply Group.  Because Roofing Supply Group was incorporated two weeks before Lyle resigned his position with American Builders, the parties apparently entered into the letter of intent while Lyle worked for American Builders.  This is a "substantial act in furtherance of the conspiracy" of which Norman was aware.  Norman's awareness can be inferred from the fact that he signed the letter of intent, and is not contradicted by his affidavit claiming that he did not know it may have been illegal to do so.  Plaintiff has therefore established a prima facie showing of conspiracy.  Because the Due Process

3

requirements of personal jurisdiction over a nonresident co-conspirator are met, this court finds that it has personal jurisdiction over Norman.

Even without a "substantial act in furtherance of the conspiracy," the court may exercise personal jurisdiction in this case because (1) Norman's contacts with Kansas are sufficient to establish the "minimum contacts" required for specific jurisdiction, and (2) exercising jurisdiction over Norman would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).

Generally, phone calls, letters, or emails are not "sufficient in themselves to establish minimum contacts." *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995). But they may be sufficient "minimum contacts" to establish personal jurisdiction if they form a "substantial connection with the forum." *Maverick Paper Co. v. Omaha Paper Co.*, 18 F. Supp. 2d 1232, 1236–37 (D. Kan. 1998). The quality of the contacts, rather than the quantity, determines whether the contacts are sufficient for Due Process purposes. *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982). In determining whether phone calls and other communications are sufficient to establish minimum contacts, the court considers whether the communications indicate that the defendant "purposely availed [himself] of the privilege of conducting activities in [Kansas]." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Purposeful availment may be found when the contacts are such that the defendant "should reasonably anticipate being haled into court" in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1979). Additionally, the court will consider whether the defendant's actions were purposely directed at residents of Kansas. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Finally, the court must decide whether the plaintiff's claim "arises out of or results from 'actions by

the defendant *himself* that create a substantial connection with the forum state.'" *OMI*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987).

In this case, Norman should have "reasonably anticipated being haled into court" as a result of his emails, phone calls, and the letter of intent.  Additionally, Norman's communications with Lyle were purposely directed at a company who does business in Kansas—specifically, American Builders.  Norman and Lyle communicated to establish a business in Kansas that would compete with American Builders.  Furthermore, plaintiff's complaint indicates that Norman communicated back and forth with Lyle, which Norman's affidavit does not refute.  Norman's communications with Lyle were actions taken by Norman himself, and were not unilateral actions by Lyle.  Plaintiff's claims of conspiracy and other tortious conduct directly arise from these communications.  The facts of this case are similar to the facts in *Pro Axess Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270 (10th Cir. 2005).  In *Pro Axess*, the plaintiff established personal jurisdiction based on telephone and other communication about various business arrangements between a nonresident and a resident of the forum.  *Pro Axess*, 428 F.3d at 1277.

The final inquiry for establishing personal jurisdiction is whether it would offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.  The court considers "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI*, 149 F.3d at 1095 (quoting *Asahi*, 480 U.S. at 113).  If these factors are strong, they may establish jurisdiction even though the minimum contacts are minor.  *Id.*

5

With respect to the first factor, defendant Norman resides in Louisiana and defending a suit in Kansas would undoubtedly burden him.  But "[d]efending a suit in a foreign jurisdiction is not as burdensome as in the past."  *Cont'l Am. Corp.,* 692 F.2d at 1314 (citing *Hanson v. Denckla*, 357 U.S. 235, 250–51 (1958)).  Furthermore, the Supreme Court recognized that the interests of the plaintiff and the forum may be so strong that imposing jurisdiction causing "even serious burdens" to the defendant is justified.  *OMI*, 149 F.3d at 1096 (quoting *Asahi*, 480 U.S. at 114).  With respect to the second factor, Kansas has an interest in adjudicating the dispute because a Kansas resident suffered the alleged injury.  *See Burger King*, 471 U.S. at 483-84.  The third factor also weighs in plaintiff's favor.  Because plaintiff resides in Kansas and is litigating his additional claims in Kansas, this court would be the most convenient forum for plaintiff.  The fourth factor weighs the same way; this court would provide the most efficient resolution of the claim because it would prevent piecemeal litigation, an interest of the interstate judicial system.  *See OMI*, 149 F.3d at 1097.  And as for the fifth factor, there is no indication that a resolution of this claim in Kansas will have any effect on another state's social policies.  The court therefore finds that exercising personal jurisdiction over Norman is reasonable and does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe*, 326 U.S. at 316.  Because the Due Process requirements of personal jurisdiction over a nonresident co-conspirator are met, this court finds that it has personal jurisdiction over Norman.

## II.  Failure to State a Claim

Defendant Norman also asks the court to dismiss the conspiracy claim against him for failure to state a claim.  It is well-settled that a court will only dismiss a cause of action for failure to state a claim when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the

6

theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The issue in resolving a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Having reviewed plaintiff's amended complaint and the materials submitted by both parties, the court finds that plaintiff's complaint, at this stage in the proceedings, is sufficient to withstand defendant's motion to dismiss.  Plaintiff claims that Lyle and Norman conspired to breach Lyle's fiduciary duties, misappropriate trade secret information, disseminate untrue information, and divert American Builders' customers, among other things.  These claims, if proven, may entitle plaintiff to relief.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim (Doc. 74) is denied.

Dated this 7th day of December 2006, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**